UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATTHEW L. BADERDEEN,<br><br>                          Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                          Defendant. | Case No. 3:15-cv-05929-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

       Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge.[1] For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

       Plaintiff filed an application for SSI benefits alleging he became disabled beginning January 14, 1990.[2] At a hearing held before an Administrative Law Judge (ALJ) plaintiff appeared and testified, as did a vocational expert.[3] In a written decision the ALJ determined that plaintiff could perform other jobs existing in significant numbers in the national economy, and

---

[1] 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13.

[2] Dkt. 9, Administrative Record (AR) 12.

[3] AR 28-51.

ORDER - 1

therefore that he was not disabled.[4] The Appeals Council denied plaintiff's request for review of the ALJ's decision making that decision the final decision of the Commissioner, which plaintiff then appealed to this Court.[5]

The parties have completed their briefing, and thus this matter is now ripe for the Court's review. Plaintiff argues the ALJ's decision should be reversed and remanded for further administrative proceedings, because the ALJ erred:

(1) in evaluating the medical opinion evidence in the record from Jane Hayward, Psy.D., and Curtis Greenfield, Psy.D.;

(2) in assessing plaintiff's residual functional capacity (RFC); and

(5) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees that the ALJ erred in evaluating the opinion of Dr. Greenfield, in assessing plaintiff's RFC, and in finding he could perform other jobs, and that therefore reversal and remand for further administrative proceedings is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[6] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[7] Substantial evidence is "such relevant evidence as a reasonable mind

---

[4] AR 12-23.

[5] AR 1; 20 C.F.R. § 416.1481; Dkt. 3.

[6] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[7] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

ORDER - 2

might accept as adequate to support a conclusion."[8] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[9]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[10] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[11] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[12]

I.   The ALJ's Evaluation of Dr. Greenfield's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.[13] Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]."[14] In such situations, "the ALJ's conclusion must be upheld."[15] Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility."[16]

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."[17] The ALJ can do this "by setting out a detailed

---

[8] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[9] *Batson*, 359 F.3d at 1193.

[10] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[11] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[12] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[13] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

[14] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[15] *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

[16] *Id.* at 603.

[17] *Reddick*, 157 F.3d at 725.

ORDER - 3

and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[18] The ALJ also may draw inferences "logically flowing from the evidence."[19] Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."[20]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.[21] Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."[22] However, the ALJ "need not discuss *all* evidence presented" to him or her.[23] The ALJ must only explain why "significant probative evidence has been rejected."[24]

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.[25] On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."[26] An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."[27] A non-examining physician's

---

[18] *Id.*

[19] *Sample*, 694 F.2d at 642.

[20] *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

[21] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

[22] *Id.* at 830-31.

[23] *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).

[24] *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

[25] *See Lester*, 81 F.3d at 830.

[26] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

[27] *Lester*, 81 F.3d at 830-31.

ORDER - 4

opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."[28]

Plaintiff underwent a psychological evaluation performed by Dr. Greenfield on April 10, 2014, with respect to which the ALJ stated:

> . . . The claimant reported symptoms of low mood, poor self-esteem, suicide, hyperactivity, impulsivity, and tolerance. . . . The claimant was able to recall three of three words, follow a three step task, and complete serial threes. He was able to infer the meaning of proverbs and he was cooperative. His affect was normal, his speech was normal, and he was cooperative. The claimant reported that he has had some success managing symptoms with medication. This statement is consistent with his treatment records . . . where he reported long periods without panic attacks.
>
> . . .
>
> . . . Dr. Greenfield . . . opined that he had moderate to marked limitations, with marked limitations in understanding, remembering, and persisting in tasks with detailed instructions, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances without special supervision, learning new tasks, being aware of hazards, complete a normal workday and workweek without interruptions from psychologically based symptoms, and setting realistic goals and plan independently. Little weight is given to his opinion as it is not consistent with his notation that the claimant has managed his symptoms with medication. It is also not consistent with the claimant's normal affect, normal speech, cooperative behavior, normal fund of knowledge, normal memory, and normal abstract thought.[29]

Plaintiff argues the reasons the ALJ gave for rejecting the limitations Dr. Greenfield assessed are not specific or legitimate. The Court agrees.

First, while as the ALJ points out many of Dr. Greenfield's mental status examination findings were unremarkable, others were not. For example, Dr. Greenfield noted that plaintiff was unkempt, was unable to name the day or date, and in regard to insight and judgment was "[n]ot able to provide individual/socially supportive answers on one of two situations" on the

---

[28] *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

[29] AR 18, 20 (internal citations omitted).

ORDER - 5

mental status examination.[30] Second, although the ALJ stated plaintiff reported symptoms of low mood, poor self-esteem, suicide, hyperactivity, impulsivity, and tolerance, in fact Dr. Greenfield stated these were symptoms he personally observed.[31] Specifically, Dr. Greenfield observed that plaintiff had a "frequent need to move, fidgeting and squirming," that he exhibited "excessive talk that was moderate to severe in nature," and that he had "difficulty waiting and blurting out answers before [the] question was finished."[32] The opinion of a psychiatrist or psychologist that is based on clinical observations is competent evidence.[33]

Third, and last, Dr. Greenfield noted that plaintiff "reports that he has had *some* success in managing symptoms with medication *but that* his medications are not working for him as well as they have."[34] Thus, it appears plaintiff's ability to manage his symptoms was neither complete nor of a sustained nature. Accordingly, because not all of the reasons the ALJ gave for rejecting Dr. Greenfield's assessed limitations are valid, the ALJ erred.

II.     The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.[35] If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends.[36] A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine

---

[30] AR 408-09.
[31] AR 406.
[32] *Id.*
[33] *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).
[34] AR 408 (emphasis added).
[35] 20 C.F.R. § 416.920.
[36] *See id.*

ORDER - 6

whether he or she can do other work.[37] It is what the claimant "can still do despite his or her limitations."[38]

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record.[39] However, an inability to work must result from the claimant's "physical or mental impairment(s)."[40] Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments."[41] In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence."[42]

The ALJ found plaintiff had the RFC:

> **to perform a full range of work at all exertional levels but with the following nonexertional limitations: He can perform simple unskilled work. He can have occasional and superficial public contact. He can have occasional co-worker contact with no teamwork.**[43]

But because as discussed above the ALJ erred in evaluating Dr. Greenfield's opinion, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations or to be supported by substantial evidence.

Plaintiff also argues the ALJ erred by failing to include in that assessment the limitation that he "can adapt to infrequent changes" state consultative, non-examining psychologist Edward

---

[37] SSR 96-8p, 1996 WL 374184 *2.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.* at *7.
[43] AR 16 (emphasis in original).

ORDER - 7

Beaty, Ph.D., assessed on March 7, 2013.[44] In regard to the opinion evidence from Dr. Beaty, the ALJ stated:

> [Dr. Beaty] opined that the claimant can maintain concentration and attention for extended periods while performing simple tasks with reasonable breaks during the workday, can keep to a schedule and maintain regular attendance and complete a normal workweek without special accommodation. He opined that the claimant can work in the proximity of co-workers but not collaboratively, can accept instructions from supervisors, can work in jobs requiring occasional, superficial interaction with the general public. He opined that the claimant can adapt to infrequent changes and is aware enough to avoid common workplace hazards such as would be encountered in a job requiring the completion of only simple tasks. He is able to carry out simple goals and plans set by supervisors. Some weight is given to his opinion but given the claimant's improvement with medication and improved ability in controlling panic attacks the claimant is not as limited as opined by Dr. Beaty.[45]

The undersigned agrees with plaintiff that the ALJ's rejection of Dr. Beaty's opinion was not sufficiently specific. That is, although the ALJ offered a reason for only giving some weight to that opinion, he failed to indicate which portion or portions thereof he was giving more weight and which ones he was giving less weight. As such, the Court is without a sufficient basis upon which to determine whether the ALJ's proffered reason was correct.

### III.   The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.[46] The ALJ can do this through the testimony of a vocational expert.[47] An ALJ's step five determination will be upheld if the weight of the medical

---

[44] AR 76.

[45] AR 21.

[46] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

[47] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

ORDER - 8

evidence supports the hypothetical posed to the vocational expert.[48] The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence.[49] Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record."[50]

The ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff.[51] But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – cannot be said to be supported by substantial evidence or free of error.

IV.    Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[52] Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[53] Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[54]

---

[48] *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).
[49] *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).
[50] *Id.* (citations omitted).
[51] AR 22.
[52] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).
[53] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).
[54] *Id.*

ORDER - 9

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[55] Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[56]

Because issues remain as to the medical opinion evidence, plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 1st day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[55] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

[56] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

ORDER - 10